## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| FINE FURNITURE (SHANGHAI) LIMITED,　　　　　) | |
| ) | |
| ) | |
| **Plaintiff,**　　) | |
| ) | **Court No. 16-00145** |
| **v.**　　) | |
| ) | |
| UNITED STATES,　　) | |
| ) | |
| **Defendant.**　　) | |
| ) | |

### COMPLAINT

Plaintiff Fine Furniture (Shanghai) Limited ("Fine Furniture"), by and through its counsel, alleges as follows:

### I.　　PROCEEDING UNDER REVIEW

1.　　This action seeks judicial review of certain aspects of the final results of the administrative review of the antidumping duty order on multilayered wood flooring from the People's Republic of China conducted by the Department of Commerce ("Commerce"). Multilayered Wood Flooring From the People's Republic of China: Final Results of Antidumping Duty Administrative Review; 2013-2014, 81 Fed. Reg. 46,899 (Dep't Commerce July 19, 2016) ("Final Results"), and accompanying Issues and Decision Memorandum. The review in question covers entries of multilayered wood flooring for the period December 1, 2013 through November 30, 2014.

### II.　　JURISDICTION AND STANDARD OF REVIEW

2.　　Plaintiff brings this action pursuant to the Tariff Act of 1930, as amended (the "Act"), sections 516A(a)(2)(A)(i) and 516A(a)(2)(B)(iii), 19 U.S.C. § 1516a(a)(2)(A)(i), (a)(2)(B)(iii) (2012).

3.     This Court has jurisdiction pursuant to 28 U.S.C. § 1581(c) and section 516A(a)(2)(A)(i), (B)(iii) of the Act, 19 U.S.C. § 1516a(a)(2)(A)(i), (B)(iii).

4.     The standard of review, as set forth in section 516A(b)(1)(B)(i) of the Act, 19 U.S.C. § 1516a(b)(1)(B)(i), is whether the determinations, findings or conclusions of Commerce were "unsupported by substantial evidence on the record, or otherwise not in accordance with law."

### III.     STANDING

5.     Plaintiff is a foreign producer and exporter of multilayered wood flooring. Plaintiff is, therefore, an "interested party" within the meaning of sections 771(9)(A) and 516A(f)(3) of the Act, 19 U.S.C. §§ 1677(9)(A) and 1516a(f)(3).

6.     Accordingly, Plaintiff has standing to commence this action pursuant to 28 U.S.C. § 2631(c).

### IV.     TIMELINESS OF THIS ACTION

7.     On July 19, 2016, Commerce published the Final Results in the Federal Register.

8.     Plaintiff filed its summons on August 9, 2016, within 30 days of the publication in the Federal Register of the Final Results.  Plaintiff is filing this complaint on September 1, 2016, which is within 30 days after filing its summons under USCIT R. 6(a)(1)(C).

9.     Thus, Plaintiff's summons and complaint are timely filed pursuant to 19 U.S.C. §§ 1516a(a)(2)(A)(i) and (B)(iii) and USCIT R. 3(a)(2), 6(a).

### V.     STATEMENT OF FACTS

10.     Commerce initiated the antidumping duty investigation of multilayered wood flooring from the People's Republic of China on November 18, 2010, following filing of the petition on October 21, 2010.  See Multilayered Wood Flooring from the People's Republic of

China:  Initiation of Antidumping Duty Investigation, 75 Fed. Reg. 70,714 (Dep't Commerce Nov. 18, 2010).   The International Trade Commission ("Commission") simultaneously conducted its investigation.  See Multilayered Wood Flooring from China, 75 Fed. Reg. 70,719 (Int'l Trade Comm'n Oct. 27, 2010).

11.    On October 18, 2011, Commerce issued an antidumping duty order on multilayered wood flooring from the People's Republic of China following an affirmative dumping determination by Commerce and an affirmative injury determination by the Commission.  See Multilayered Wood Flooring from the People's Republic of China: Final Determination of Sales at Less than Fair Value, 76 Fed. Reg. 64,318 (Dep't Commerce Oct. 18, 2011).  The antidumping duty order remains in effect.

12.    In December 2014, certain interested parties requested that Commerce conduct an administrative review on multilayered wood flooring from the People's Republic of China, and on February 4, 2015 Commerce initiated the third administrative review covering the period of December 1, 2013 through November 30, 2014.   See Initiation of Antidumping and Countervailing Duty Administrative Reviews and Request for Revocation in Part, 80 Fed. Reg. 6,041 (Dep't Commerce Feb. 4, 2015).

13.    Commerce examined Plaintiff as a mandatory respondent in the third administrative review.  On February 12, 2016, Plaintiff submitted a case brief for Commerce's consideration prior to the issuance of the Final Results.  In addition to making various arguments for Commerce's consideration, Plaintiff incorporated all arguments made by other respondents to the extent that they did not conflict directly with arguments made by Plaintiff.  On February 19, 2016, Plaintiff submitted a rebuttal brief in response to certain arguments made by petitioner and incorporated the rebuttal arguments made by other parties.

14.     On July 19, 2016, Commerce published the Final Results.  Commerce determined the antidumping duty rate of Fine Furniture to be 17.37 percent.

15.     In the Final Results, Commerce determined that Romania was the most appropriate surrogate country and used surrogate value data from Romania to value all non-market economy inputs in calculating normal value.  Commerce rejected Thailand as the primary surrogate country and dismissed high quality data on the record for Thailand to value labor, electricity, financial ratios and material inputs.

16.     In the Final Results, Commerce chose the 2013 financial statements of SC SIGSTRAT SA ("SIGSTRAT"), a Romanian wood products producer to value Fine Furniture's surrogate financial ratios despite evidence of government subsidies and of government control over the Romanian wood products industry.  Commerce rejected the complete and reliable financial statements of Thai plywood producers Neotech Plywood Company, Ltd. ("Neotech") and Lampang Plitpan Juristic Ordinary Partnership ("Lampang).

17.     To calculate the surrogate values for Fine Furniture's face veneer inputs in the Final Results, Commerce took the simple average of imports into Romania in two separate HTS codes and, in doing so, improperly included imports of end-jointed veneers, a type of veneer not used by Fine Furniture in the production of subject merchandise.  Commerce rejected the proposal by Fine Furniture to use a single HTS for each category of face veneers – 44081098 for coniferous face veneers, 44083995 for tropical face veneers and 44089095 for other face veneers.  Commerce also declined to take a weighted-average instead of a simple average in its calculation of face veneer inputs using its preferred two-HTS code methodology.

## VI.   STATEMENT OF THE CLAIMS

### COUNT I

18.    Plaintiff herein incorporates by reference paragraphs 1 through 17, supra, of this complaint.

19.    Commerce's decision not to select Thailand as the surrogate country and instead to select Romania is not based on substantial evidence and is otherwise not in accordance with law.

### COUNT II

20.    Plaintiff herein incorporates by reference paragraphs 1 through 19, supra, of this complaint.

21.     Commerce's use of the SIGSTRAT financial statements in the calculation of the surrogate financial ratios and rejection of the financial statements of Neotech and Lampang is not based on substantial evidence and is otherwise not in accordance with the law.

### COUNT III

22.    Plaintiff herein incorporates by reference paragraphs 1 through 21, supra, of this complaint.

23.    Commerce's determination of the surrogate values for Fine Furniture's face veneer inputs is not based on the best available evidence on the record.   Accordingly, Commerce's surrogate values for Fine Furniture's face veneer inputs are not supported by substantial evidence and are otherwise not in accordance with law.

## DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF

WHEREFORE, and as challenged herein, Plaintiff respectfully prays that this Court:

(1) find that Commerce's actions as described in Counts I-III were unsupported by substantial evidence and otherwise not in accordance with law;

(2) order Commerce to recalculate the antidumping rate assigned to Fine Furniture in the third administrative review by correcting the errors set forth in Counts II through III;

(3) order Commerce to publish amended final results in the Federal Register in accordance with a final decision by this Court in this matter;

(4) order Commerce to issue liquidation instructions to U.S. Customs and Border Protection consistent with this Court's decision; and

(5) provide such other relief as this honorable Court deems proper.

Respectfully submitted,

/s/ Kristin H. Mowry
Kristin H. Mowry
Jeffrey S. Grimson
Jill A. Cramer
Sarah M. Wyss
Yuzhe PengLing
James C. Beaty
Mowry & Grimson, PLLC
5335 Wisconsin Avenue NW, Suite 810
Washington, DC 20015
202-688-3610 (phone)
khm@mowrygrimson.com
*Counsel to Fine Furniture (Shanghai) Limited*

Date: September 1, 2016

**Certificate of Service**
**Fine Furniture (Shanghai) Limited v. United States**
**Court No.: 16-00145**

Pursuant to USCIT R.3, USCIT R.4 and USCIT R.5 of the U.S. Court of International Trade, I certify that on September 1, 2016, I served the foregoing complaint via certified mail (or international equivalent), return receipt requested, upon the following:

**Representatives of Defendant**
    Attorney-in-Charge
    International Trade Field Office
    Commercial Litigation Branch
    U.S. Department of Justice
    26 Federal Plaza
    Room 339
    New York, NY 10278-0140

    Kelly R. Welsh
    General Counsel
    U.S. Department of Commerce
    14th Street and Constitution Avenue, NW
    Mail Stop 5875 HCHB
    Washington, DC 20230

    Commercial Litigation Branch
    Civil Division
    U.S. Department of Justice
    Civil Division Room, 12124
    1100 L Street, NW
    Mail Stop 5875 HCHB
    Washington, DC 20530

**Representative of Coalition for American Hardwood Parity ("CAHP"): Anderson Hardwood Floors, LLC, From the Forest, Howell Hardwood Flooring, Mannington Mills, Inc., Nydree Flooring and Shaw Industries Group, Inc.**
    Jeffrey Levin, Esq.
    Levin Trade Law, PC
    7800 Beech Tree Road
    Bethesda, MD 20817

**Representative of Dunhua City Dexin Wood Industry Co., Ltd., Dun Hua City Jisen Wood Industry Co., Ltd., Changzhou Hawd Flooring Co., Ltd., Karly Wood Product Limited, Yingyi-Nature (Kunshan) Wood Industry Co., Ltd., Dalian Huilong Wooden Products Co., Ltd., Dunhua City Hongyuan Wood Industry Co., Ltd., Jiaxing Hengtong Wood Co., Ltd., Xiamen Yung De Ornament Co., Ltd., Zhejiang Shuimojiangnan New Material Technology Co., Ltd. and Dalian Penghong Floor Products Co., Ltd.**

Gregory S. Menegaz, Esq.
deKieffer & Horgan PLLC
1455 Pennsylvania Avenue, NW
Suite 900B
Washington, DC 20004

**Representative of Dasso Industrial Group Co., Ltd., Dongtai Fuan Universal Dynamics LLC, Guangzhou Panyu Kangda Board Co., Ltd., Guangzhou Panyu Southern Star Co., Ltd., Hunchun Forest Wolf Wooden Industry Co., Ltd., Jiangsu Senmao Bamboo and Wood Industry Co., Ltd., Dalian Kemian Wood Industry Co., Ltd., Jiangsu Simba Floring Co., Ltd., Jiashan HuiJiaLe Decoration Material Co., Ltd., Kemian Wood Industry (Kunshan) Co., Ltd., Nanjing Minglin Wooden Industry Co., Ltd., Puli Trading Limited, Shenyang Senwang Wooden Industry Co., Ltd., Shenzhenshi Huanwei Woods Co., Ltd., Suzhou Dongda Wood Co., Yixing Lion-King Timber Industry Co., Ltd., Zhejiang Fudeli Timber Industry Co., Ltd., Changbai Mountain Development and Protection Zone Hongtu Wood Industrial Co., Ltd., Benxi Wood Company, Anhui Longhua Bamboo Product Co., Ltd., Pinge Timber Manufacturing (Zhejiang) Co., Ltd., GTP International Ltd., Tongxiang Jisheng Import and Export Co., Ltd., Jiangsu Guyu International Trading Co., Ltd., Jiangsu Mingle Flooring Co., Ltd., Henan Xingwangjia Technology Co., Ltd., Dalian Xinjinghua Wood Co., Ltd., Xuzhou Antop International Trade Co., Ltd., Dalian Shumaike Floor Manufacturing Co., Ltd., Jiangsu Yuhui International Trade Co., Ltd. and Linyi Bonn Flooring Manufacturing Co., Ltd.**

Jeffrey S. Neeley, Esq.
Husch Blackwell LLP
750 Seventeenth Street, NW
Suite 900 Washinton, DC 20006

**Representative of Yekalon Industry, Inc., Huzhou Jesonwood Co., Ltd., Huzhou Sunergy World Trade Co., Ltd., Shanghai Eswell Timber Co., Ltd., Shanghai Lairunde Wood Co., Ltd., Shanghai New Sihe Wood Co., Ltd., Shanghai Shenlin Corporation and A&W (Shanghai) Woods Co., Ltd.**

Francis J. Sailer, Esq.
Grunfeld Desiderio Lebowitz Silverman Klestadt LLP
1201 New York Avenue, NW
Suite 650
Washington, DC 20005

**Representative of Zhejiang Dadongwu GreenHome Wood Co., Ltd.**
>Nithya Nagarajan, Esq.
>Law Offices of Nithya Nagarajan LLC
>9101 Friars Road
>Bethesda, MD 20817

**Representative of Shanghai Lizhong Wood Products Co., Ltd./The Lizhong Wood Industry Limited Company of Shanghai/Linyi Youyou Wood Co., Ltd.**
>Thomas J. Trendl, Esq.
>Steptoe & Johnson LLP
>1330 Connecticut Avenue, NW
>Washington, DC 20036

**Representative of The Fusong Jinlong Group, including Fusong Jinlong Wooden Group Co., Ltd. ("Fusong Jinlong"), Fusong Qianqiu Wooden Product Co., Ltd. ("Fusong Qianqiu"), Dalian Qianqiu Wooden Product Co., Ltd. ("Dalian Qianqiu") and Fusong Jinqiu Wooden Product Co., Ltd. ("Fusong Jinqiu"); Baishan Huafeng Wooden Product Co., Ltd ("Baishan Huafeng"); Sino-Maple (JiangSu) Co., Ltd. ("Sino-Maple") and Jiafeng Wood (Suzhou) Co., Ltd. ("Jiafeng") and for Dunhua City Wanrong Wood Industry Co., Ltd.**
>Mark David Davis, Esq.
>Davis & Leiman P.C.
>1025 Connecticut Avenue, NW
>Suite 1012
>Washington, DC 20036

**Representative of Aladdin Manufacturing Corporation**
>Chunlian Yang, Esq.
>Alston & Bird LLP
>950 F Street, NW
>Washington, DC 20004-1404

**Representative of Lumber Liquidators Services, LLC**
>Mark Ludwikowski, Esq.
>Sandler, Travis & Rosenberg, P.A.
>1300 Pennsylvania Avenue, NW
>Suite 400
>Washington, DC 20004

**Representative of Old Master Products Inc.**
>John R. Magnus, Esq.
>Tradewins LLC
>1333 New Hampshire Ave., NW
>11th Floor
>Washington, DC 20036

Dated: <u>September 1, 2016</u>                    <u>/s/ Kristin H. Mowry</u>
                                                 Kristin H. Mowry
                                                 Mowry & Grimson, PLLC
                                                 5335 Wisconsin Avenue, NW
                                                 Suite 810
                                                 Washington, DC 20015
                                                 202-688-3610 (ph)
                                                 trade@mowrygrimson.com
                                                 *Counsel to Fine Furniture (Shanghai) Limited*