# UNITED STATES COURT OF INTERNATIONAL TRADE
## NEW YORK, NEW YORK

**BEFORE:  Richard K. Eaton**

| | |
|---|---|
| **FINE FURNITURE (SHANGHAI) LIMITED v. UNITED STATES**<br><br>**Plaintiffs,**<br><br>v.<br><br>**UNITED STATES,**<br><br>**Defendant** | Court No. **16-00145** |

## PARTIAL CONSENT MOTION TO AMEND INJUNCTION AND REINSTATE ORIGINAL INJUNCTION

Pursuant to Rules 7(c) and 56.2(e) of the Rules of this Court, the Consolidated-Plaintiffs represented by Husch Blackwell, LLP hereby move to reinstate the original statutory injunction granted by the U.S. Court of International Trade on September 8, 2016 in the consolidated case *Jiangsu Senmao Bamboo and Wood Industry Co., Ltd., et. al. v. United States,* Ct. No. 16-00156. At Consolidated-Plaintiffs request, the Court amended this injunction on September 20, 2019 to lift the injunction with respect to subject merchandise exported by Consolidated-Plaintiffs and imported by Wego Chemical Group ("Wego").  Wego had informed Consolidated-Plaintiffs that it preferred that its entries be liquidated rather than wait for a final resolution of the litigation. Wego has now informed Consolidated-Plaintiffs that there had been a misunderstanding as to which entries would be affected by lifting the injunction for this review, and it does not want the injunction lifted with respect to entries covered by Ct. No. 16-00156.  At Wego's request, we are filing this motion to amend the current injunction and reinstate the original injunction.  To

the extent that any entries have already liquidated, we request that U.S. Customs and Border Protection be ordered to unliquidate the entries.   A proposed order is attached.

The original injunction was timely requested within 30 days of the timely filing the complaint on September 7, 2016.   Consolidated Plaintiffs have challenged the final results of the U.S. Department of Commerce with respect to the calculation of the dumping margins to be applied to Consolidated-Plaintiffs in the final results of the administrative review at issue.

The Court previously found that the criteria for issuing an injunction were satisfied: (1) Consolidated-Plaintiffs will be irreparably harmed without the requested relief, (2) the balance of hardships on the parties favor Consolidated Plaintiffs, (3) there is a likelihood of success on the merits of Consolidated Plaintiffs' case; and (4) the public interest would be better served by granting the relief. *See Matsushita Elec. Indus. v United States,* 823 F.2d 505, 509 (Fed. Cir. 1987); *Zenith Radio Corp. v. United States,* 710 F.2d 806, 809 (Fed. Cir. 1983); *PPG Indus. Inc. v. United States,* 14 CIT 18, 20, 729 F. Supp. 2d 859, 861 (1990); *SKF USA Inc. v. United States,* 28 CIT 170 172 Supp. 2d 1322, 1326 (2004).   For the same reasons that the Court originally granted the preliminary injunction, Consolidated Plaintiffs request that the preliminary injunction be amended again to reinstate the terms of the original injunction granted on September 8, 2016. Those reasons are reiterated below.

## ARGUMENT

### A.  Consolidated Plaintiffs Will Suffer Irreparable Injury Absent the Issuance of the Requested Injunction

Liquidation of the entries at issue will cause irreparable harm to Consolidated Plaintiffs because such liquidation would leave Consolidated Plaintiffs without a remedy to recover any

wrongfully calculated antidumping duties. The denial of the right to judicial review results is irreparable injury, which is the teaching of *Zenith Radio Corp.,* where the Federal Circuit stated:

> Congress deliberately gave interested parties the right to obtain effective judicial review of section 751 review determinations to aid effective enforcement of antidumping laws. A conclusion that no irreparable harm is shown when that judicial review is rendered ineffective by depriving the interested party of the only meaningful correction for the alleged errors, would be inconsistent with the actions taken by Congress to correct deficiencies in prior enforcement activity under the antidumping laws. Accordingly, *the inability of reviewing courts to meaningfully correct the review determination is irreparable injury that must be considered by the trial court. ...*

*Zenith Radio Corp.,* 710 F.2d at 811 (emphasis added); *accord PPG Indus. Inc.,* 14 CIT at 21, 729 F. Supp. 2d at 861 (liquidation prior to the Court's final decision would constitute irreparable injury). Indeed, given the finality of liquidation, the courts have established what amounts to an "automatic" finding of irreparable injury in challenges to final determinations under Section 751 of the Act. *See, e.g., Algoma Steel Corp.* v. *United States,* 12 CIT 802, 806 n.6, 696 F. Supp. 656, 660 n.6 (1988) ("Injunctions are *virtually automatic* if a party, either foreign or domestic, seeks an injunction in the context of a challenge to an annual review determination.") (emphasis added); *see also Zenith Radio Corp.,* 710 F.2d at 810; *Timken Co.* v. *United States,* 6 CIT 76, 79, 569 F. Supp. 65, 69 (1983); *PPG Indus. Inc. v. United States, 11* CIT 5, 7 (1987). Without an injunction to prevent liquidation, all entries covered by the challenged determination will be liquidated and dumping duties will be assessed in accordance with the margin Commerce established, regardless of the Court's final judgment with respect to the issues raised by Consolidated Plaintiffs.

      **B.**      **The Hardship to Plaintiffs Outweighs Any Hardship to Defendant**

The hardship to Consolidated Plaintiffs is being denied effective judicial relief. The hardship to Defendant is simply having the collection of any dumping duties owed delayed,

which at most is an inconvenience. Thus, the balance of hardships overwhelmingly favors Consolidated Plaintiffs.

### C. The Likelihood of Success on the Merits Has Been Shown

The four factors that are used to determine whether an injunction should be granted are considered together, and a strong showing of irreparable harm will make the need for a strong showing of likelihood of success on the merits less important. When irreparable harm is strongly established, "it will ordinarily be sufficient that the movant has raised questions which are 'serious, substantial, difficult and doubtful.'" *Id. {quoting County of Alameda v. Weinberger,* 520 F.2d 344, 349 n.12 (9th Cir. 1975)); *see also Ceramica Regiomontana S.A.* v. *United States, 1* CIT 390, 397, 590 F. Supp. 1260, 1265 (1984) ("{T}he greater the hardship the lesser the showing {of likelihood of success on the merits}."). As these cases make clear, the "likelihood of success" standard is minimal when the other requisites of an injunction are met. *See also Zenith Radio Corp.,* 710 F.2d at 810-12. Consolidated Plaintiffs' Complaint, filed on September 7, 2016, raises serious, substantial and difficult questions of fact and law. The Complaint contains four counts. The counts challenge whether the findings of Commerce regarding the use of certain surrogate values in the underlying review were supported by Commerce precedent, substantial evidence on the record, and were consistent with law.   The Court has already remanded this case to Commerce for further consideration.  *Jiangsu Senmao Bamboo and Wood Industry Co., Ltd., et. al. v. United States*, Slip Op. 18-67 (2018).

### D. Granting the Injunction Would Best Serve the Public Interest

The public interest is best served by preserving Consolidated Plaintiffs' right to appeal and obtain relief. It is also well established that the public interest is served by ensuring the

enforcement of the trade laws and the calculation of the correct amount of antidumping duties. *See Zenith,* 710 F. 2d at 810, *Smith-Corona Grp. V. United States,* 507 F. Supp. 2d 1015, 1022 (CIT 1980). Here, having this Court deprived of jurisdiction to hear this dispute under the statutory framework set out by the Congress plainly is not in the public interest and the injunction should issue.

### E.     The Court has the Authority to Order Entries to be Unliquidated

The Court is vested with equity power to order that any liquidated entries be unliquidated.  See 28 U.S.C. §1585.  Pursuant to that authority, Consolidated Plaintiffs would suffer substantial injury if the entries in question are not unliquidated and subject to the court's ultimate opinion in this case.    In addition, the Court has been granted broad remedial powers under 28 U.SC. §2643, which provides it with the power to "order any other form of relief that is appropriate in a civil action…".    The U.S. Court of Appeals in *Shinyei Corp. of Am.* has held that this includes ordering reliquidation.    355 F.3d at 1312; *see also Shinyei Corp. of Am. v. United States*, 524 F.3d 1274 (Fed. Cir. 2008).

### POSITION OF THE PARTIES

In accordance with USCIT Rule 7(f), Plaintiffs have consulted with all other parties to this case in regards to this motion and they have stated the following:

Mark R. Ludwikowski, on behalf of Lumber Liquidators Services LLC stated on November 14, 2019, that he consents to the granting of this motion.

Gregory S. Menegaz on behalf of Changzhou Hawd Flooring Co., Ltd., Dalian Huilong Wooden Products Co., Ltd., Dunhua City Jisen Wood Industry Co., Ltd., Dunhua City Dexin

Wood Industry Co., Ltd., Dunhua City Hongyuan Wood Industry Co., Ltd. Jiaxing Hengtong Wood Co., Ltd., Karly Wood Product Limited, Yingyi-Nature (Kunshan) Wood Industry Co., Ltd., Xiamen Yung De Ornament Co., Ltd., Zhejiang Shuimojiangnan New Material Technology Co., Ltd.,  stated on November 14, 2019, that he consents to the granting of this motion.

Kristin H. Mowry on behalf of Fine Furniture (Shanghai) Limited stated on November 14, 2019, that she consents to the granting of this motion.

Lizbeth R. Levinson on behalf of Zhejiang Dadongwu GreenHome Wood Co., Ltd., Johnsons Premium Hardwood Flooring, Inc., Struxtur, Inc., Wego Chemical & Mineral Corp. Floor and Dcor Outlets of America, Inc., Hangzhou Hanje Tec Co., Ltd., Huzhou Chenghang Wood Co., Ltd., Jilin Forest Industry Jinqiao Flooring Group Co., Ltd., Mudanjiang Bosen Wood Industry Co., Ltd., Nakahiro Jyou Sei Furniture (Dalian) Co., Ltd., Shenyang Haobainian Wooden Co., Ltd., Dalian Dajen Wood Co., Ltd., Dunhua City Wanrong Wood Industry Co., Ltd., stated on November 14, 2019, that she consents to the granting of this motion.

Harold Deen Kaplan on behalf of Armstrong Wood Products (Kunshan) Co., Ltd. stated on November 14, 2019, that he consents to the granting of this motion.

Jonathan Mario Zielinski on behalf of Guangdong Yihua Timber Industry Co., Ltd. stated on November 14, 2019, that he consents to the granting of this motion.

John Robert Magnus on behalf of Old Master Products, Inc. stated on November 14, 2019, that he consents to the granting of this motion.

Francis J. Sailer on behalf of Shanghai Lairunde Wood Co., Ltd. stated on November 14, 2019, that he consents to the granting of this motion.

Tara Kathleen Hogan on behalf of the United States stated on November 14, 2019, that she was still checking with her client but suggested that we should proceed with filing of the motion and that she would respond as soon as possible.

THEREFORE, Consolidated-Plaintiffs respectfully request that the Court grant its motion to amend the current injunction in order to reinstate the original injunction granted to Consolidated-Plaintiffs represented by Husch Blackwell, LLP on September 8, 2016.

    Respectfully submitted,

    <u>/s/ Jeffrey S. Neeley</u>
    Counsel for Plaintiffs

    Jeffrey S. Neeley

    Husch Blackwell LLP
    750 17th Street, N.W.
    Suite 900
    Washington, D.C. 20006
    (202) 378-2357
    Jeffrey.neeley@huschblackwell.com