UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: Richard K. Eaton

| | |
|---|---|
| FINE FURNITURE (SHANGHAI) LIMITED <br><br> Plaintiffs <br><br> V. <br> UNITED STATES, <br><br> Defendant | Court No. **16-00145** |

**MOTION TO RECONSIDER DECISION ON LIQUIDATED ENTRIES**

The Consolidated-Plaintiffs represented by Husch Blackwell, LLP ("Consolidated Plaintiffs") previously moved to amend and therefore lift a portion of the injunction, issued by the Court on September 8, 2016, with regard to imports by Wego Chemicals. The Court amended that 2016 injunction on September 20, 2019 to lift the injunction with respect to subject merchandise exported by Consolidated-Plaintiffs and imported by Wego Chemical Group ("Wego"). Consolidated-Plaintiffs' Motion and the subsequent Court Order of September 20, 2019, were the result of Wego informing Consolidated-Plaintiffs that it preferred that its entries be liquidated rather than wait for a final resolution of the litigation.

However, importer Wego subsequently informed its suppliers among the Consolidated-Plaintiffs that there had been a misunderstanding as to which entries would be affected by lifting the injunction for this review, and it did not want the injunction lifted with respect to entries covered by Ct. No. 16-00156. Thus, Consolidated-Plaintiffs filed a Partial Consent Motion to Amend Injunction and Reinstate Original Injunction on November 15, 2019. The Order

proposed by Consolidated-Plaintiffs on November 15 requested that any entries for the time period in question have the liquidations cancelled and returned to suspended status during the pendency of the litigation in this appeal.  All parties agreed to the granting of the Motion except for the Justice Department, which stated that it was still checking with its client but stated that it would later reply to the Motion.  On November 21, 2019, the Government filed its response to our Motion and stated that it did not oppose the Motion with regard to unliquidated entries, but did not consent to an order directing the Government to take any action, including reliquidation, with regard to entries already liquidated.  The Court issued an Order granting our Motion in part and ordering the Commerce Department not to issue instructions to liquidate or make or permit liquidation of any unliquidated entries during the pendency of this appeal.

Having discussed the facts with the importer (Wego Chemical) of the merchandise from our clients, we understand that no imports during the relevant period of review (December 1, 2013 through November 30, 2014) remain unliquidated.  The remaining unliquidated entries were liquidated on November 15, 2019 and November 8, 2019, which was either the same day, or one week before, our Consolidated Plaintiffs filed their request to reinstate the 2016 injunction for this review due to a mistake on the part of the importer in understanding which entries were involved.  The request to the Court to correct the mistake was timely and filed as soon as counsel became aware of the issue, and well within the 180 day time limit that an importer would have to file a protest under 19 U.S.C. §1514.

In the Government's November 21, 2019, Opposition to the Consolidated Plaintiffs' Motion that would cancel the liquidation (as well as prevent future liquidations during the pendency of the appeal) , the Government seemed to recognize that this Court has the power to order reliquidation, as held in *Shinyei Corporation of America v. United States,* 355 F. 3d 1297

(Fed. Cir. 2004). However, the Government interprets this power extremely narrowly, to apply only in the context of 19 U.S.C. §1581(c) in order to ensure compliance with the Court's own order or judgment. The Government's reading of the *Shinyei* is too constricted in light of the Federal Circuit's explicit language. Citing to the broad remedial powers granted to this Court in 28 U.S.C §2643(a)(1), which allows the court to "order any other form of relief that is appropriate in the civil action," the Federal Circuit stated: "The absence of an express reqliquidation provision should not be read as a prohibition of such relief when the statute provides the Court of International Trade with such broad remedial powers." 355 F. 3d at 1312

The effect of these liquidations on Wego Chemical is severe. Wego has provided us with a list of the amounts that have been liquidated, which we are including as a confidential attachment to this Motion as Exhibit A. As the Court will see, the total amount that was liquidated is $[      ].

Under these conditions, we request that the Court order the reliquidation of the entries from Consolidated Plaintiffs and imported by Wego Chemical that were liquidated on November 8 and 15, 2019. Given the mistake by the importer, which was corrected as soon as possible, and the severe effect on Wego Chemical of the liquidations, we respectfully request the Court exercise its legal and equitable powers to order the reliquidations noted above.

    Respectfully submitted,

    /s/ Jeffrey S. Neeley
    Counsel for Consolidated Plaintiffs

    Jeffrey S. Neeley

    Husch Blackwell LLP
    750 17th Street, N.W. Suite 900
    Washington, D.C. 20006
    (202) 378-2357
    Jeffrey.neeley@huschblackwell.com